The People of the State of New York v. Clifton C. Draper.— Motion denied.

Ralph Swanck v. Northern Central Railway Company.— Motion granted.

John S. Sheppard, Respondent, v. Charles S. Fisher, Appellant, Impleaded with Jacob M. Danley and Another.— Order affirmed, with ten dollars costs and disbursements. All concurred.

Saratoga Victoria Spring, Incorporated, Claimant, Respondent, v. The State of New York, Appellant.— Judgment unanimously affirmed, with costs.

Charles H. Turner v. The New York Central and Hudson River Railroad Company.— Motion denied on default of the moving party.

---

## FOURTH DEPARTMENT, OCTOBER, 1915.

LILLIAN G. TROUT, as Executrix of the Last Will and Testament of HENRY G. TROUT, Deceased, Appellant, *v.* EMPIRE SHIPBUILDING COMPANY and JOHN F. MALONE, Respondents.

*Bills and notes — waiver of notice.*

Appeal from a judgment of the Supreme Court, entered in the Erie county clerk's office on the 18th day of March, 1915, and also from an order entered on the 26th day of March, 1915.

PER CURIAM: In our opinion the learned trial court erred in holding that the letter given by plaintiff's testator, Henry G. Trout, to the defendant Malone on May 16, 1908, had the same force and effect as though inserted in the note itself, and that it served to postpone the date of maturity of the note to July 1, 1910. The Empire Shipbuilding Company, the maker of the note, was not a party to that letter, and nothing therein contained would prevent the holder calling upon the maker for payment at any time prior to July 1, 1910. The letter was written at the instance of the indorser, Malone, to effect an extension, so far as the indorser was concerned, of the time when the note should be finally paid. We think that under the circumstances under which this letter was written to and received by the indorser it constituted a constructive waiver of presentment, notice of dishonor and demand of payment of the note as a matter of law, and that the indorser is liable thereon. (*Sheldon* v. *Horton*, 43 N. Y. 93.) The judgment and order appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event. All concurred. Judgment and order reversed and new trial granted, with costs to appellant to abide event.

---

Red Eagles, Supreme Council, and Another, Respondents, v. Michael Regan and Others, Appellants.— Judgment and order affirmed, with costs. All concurred.